UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALEXANDER FAULKNER, | : | |
| Petitioner, | : | Civ. No. 21-17192 (RBK) |
| v. | : | |
| DAVID E. ORTIZ, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Dkt. No. 1). Petitioner asserts that the United States District Court for the District of Minnesota improperly enhanced his federal criminal sentence under the Armed Career Criminal Act ("ACCA"). Petitioner has also filed a motion to amend to add case authority for his habeas petition. (*See* Dkt. No. 2). That motion will be granted. However, the habeas petition will be summarily dismissed.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In 2015, a jury in the District of Minnesota found Petitioner guilty on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. (*See* D. Minn. Crim. No. 14-5, Dkt. No. 136 at 1). Petitioner received a sentence of 280 months imprisonment. (*See id.* at 2). Petitioner's appeal to the United States Court of Appeals for the Eighth Circuit included a claim that his sentenced was improperly enhanced under ACCA because two of his previous drug convictions used as predicates for the ACCA enhancement should have only counted as one conviction. *See United States v. Faulkner*, 826 F.3d 1139, 1147-

48 (8th Cir. 2016). However, the Eighth Circuit found no error on this claim (as well as on Petitioner's other claims) and affirmed the judgment of conviction. *See id.* at 1148-49. The United States Supreme Court denied Petitioner's petition for writ of certiorari. *See Faulkner v. United States*, 137 S. Ct. 2092 (2017).

Thereafter, in June 2017, Petitioner, through counsel, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* D. Minn. Crim. No. 14-5, Dkt. Nos. 165-66). In that § 2255 motion, Petitioner argued his enhanced sentence under the ACCA was unconstitutional as a former Indiana burglary conviction no longer constituted a valid predicate to sustain the ACCA sentencing enhancement. (*See* D. Minn. Crim. No. 14-5, Dkt. No. 166). The District of Minnesota denied Petitioner's § 2255 motion on the merits, but granted a certificate of appealability. *See United States v. Faulkner*, Crim. No. 14-5, 2018 WL 1384126 *3-4 (D. Minn. Mar. 19, 2018). Thereafter, in June, 2019, the Eighth Circuit affirmed the denial of Petitioner's § 2255 motion. *See Faulkner v. United States*, 926 F.3d 475 (8th Cir. 2019). The United States Supreme Court then denied Petitioner's petition for writ of certiorari. *See Faulkner v. United States*, 140 S. Ct. 982 (2020).

In September, 2021, Petitioner filed his federal habeas petition in this Court. Like the argument Petitioner made on direct appeal, Petitioner claims his sentence is unconstitutional because two of his previous drug convictions that were used as predicates under ACCA to enhance his sentence should only count as one, thereby negating the applicability of the ACCA sentencing enhancement to the District of Minnesota criminal conviction.

**III.     STANDARD FOR SUA SPONTE SCREENING OF HABEAS PETITION**

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.     DISCUSSION

Petitioner seeks review of the criminal judgment and sentence entered by the District of Minnesota in this § 2241 habeas action. A challenge to the validity of a federal conviction or sentence usually must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also

> appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,*

307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims center on the purported impropriety of his sentence, not *the crimes* for which he was convicted. Therefore, § 2241 is not the proper avenue for Petitioner to pursue his claim raised here. *See Davis v. Warden Allenwood FCI*, 818 F. App'x 147, 149 (3d Cir. 2020) (citing *Gardner v. Warden Lewisburg*, 845 F.3d 99, 103 (3d Cir. 2017)) (noting the *Dorsainvil* exception has never applied to issues regarding sentencing); *Scott v. Shartle,* 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") (citation omitted); *McIntosh v. Shartle,* 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241.") (citation omitted); *Johnson v. Scism,* 454 F. App'x 87, 88 (3d Cir. 2012) (same); *United States v. Brown,* 456 F. App'x 79, 81 (3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, this Court will not transfer this action to the Eighth Circuit for its consideration as a request to file a second or successive § 2255 motion.[1]

## V. CONCLUSION

For the foregoing reasons, Petitioner's motion amend with case authority is granted but the habeas petition is summarily dismissed. An appropriate order will be entered.

DATED: January 6, 2022

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

[1] Nothing in this opinion should be construed by Petitioner as preventing him from filing a request to file a second or successive § 2255 motion in the Eighth Circuit for that Court's consideration should he elect to do so.